WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lowell Robinson, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Aetna Life Insurance Company, <br><br> Defendant. | No. CV-20-01830-PHX-DWL <br><br> **ORDER** |

Plaintiff Lowell Robinson, Jr. ("Robinson") is a United States Marine Corps veteran bringing this action *pro se* against Defendant Aetna Life Insurance Company ("Aetna"). Pending before the Court is Aetna's motion to dismiss and motion to strike. (Doc. 12.) For the following reasons, the Court orders the parties to show cause why Robinson's claims against Aetna should not be dismissed without prejudice based on a lack of subject-matter jurisdiction.

**BACKGROUND**

The Federal Employee Dental and Vision Benefit Enhancement Act of 2004, Pub. L. No. 108-496, 118 Stat. 4001 ("FEDVIP Act"), directs the Office of Personnel Management ("OPM") to "establish and administer a program through which an eligible individual may obtain dental coverage to supplement coverage available through chapter 89." 5 U.S.C. § 8952(a). The dental benefits created by the FEDVIP Act supplement the health benefits afforded through the Federal Employee Health Benefit Act ("FEHBA"). Pursuant to the FEDVIP Act, OPM established the Federal Employee Dental and Vision

Insurance Program ("FEDVIP") to provide supplemental dental and vision insurance to federal employees, annuitants, and their dependents. *See* Federal Employees Dental and Vision Insurance Program, 73 Fed. Reg. 50,183 (Aug. 26, 2008) (codified at 5 C.F.R. pt. 894).

In his complaint, Robinson alleges that Aetna failed to fulfill its contractual obligations as a dental carrier under FEDVIP when it denied his out-of-network claims for reimbursement for dental services obtained in Mexico. (Doc. 1.) He seeks $1,995.77 in repayment for his out-of-pocket expenses, $400 in costs, and $25,000 in punitive damages. (*Id.* at 4, 7.) In response, Aetna has filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 12), which is now fully briefed (Docs. 14, 15).

**DISCUSSION**

Before addressing Aetna's dismissal arguments under Rule 12(b)(6), the Court must first confirm that it possesses subject-matter jurisdiction over the claims in this action. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Indeed, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). *See also* Fed. R. Civ. P. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Robinson's *pro se* complaint asserts that the Court has federal question jurisdiction based upon: (1) U.S. Public Law 108-496; (2) "The Federal Employees Dental and Vision Benefits Enhancement Act of 2004";[1] and (3) OPM letter 06-602, dated October 6, 2006. (Doc. 1 at 3.) As explained below, the Court is not convinced this is correct.

The starting point for the analysis is the FEDVIP Act's jurisdictional provision, 5 U.S.C. § 8961, which is titled "Jurisdiction of courts." It provides as follows:

---

[1]  U.S. Public Law 108-496 and the Federal Employees Dental and Vision Benefits Enhancement Act of 2004 are the same statute: the FEDVIP Act.

> The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States under this chapter after such administrative remedies as required under section 8953(d) have been exhausted, but only to the extent judicial review is not precluded by any other dispute resolution or other remedy under this chapter.

The parties do not cite any case law interpreting this provision and the Court did not uncover any in its own research.

Congress can limit a federal court's subject-matter jurisdiction to claims against certain defendants. *Arbaugh*, 546 U.S. at 515-16 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.") (footnote omitted); *id.* at 515 n.11 ("Certain statutes confer subject-matter jurisdiction only for actions brought by specific plaintiffs, or for claims against particular defendants . . . .") (citations omitted). "[C]ourts are to review a statute's language, context, and relevant historical treatment to determine whether Congress clearly intended a statutory restriction to be jurisdictional." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013).

To determine whether § 8961 gives the Court subject-matter jurisdiction over this action, the Court begins, as it must, with the plain language of the statute. *United States v. Hanousek,* 176 F.3d 1116, 1120 (9th Cir. 1999) ("Statutory interpretation begins with the plain language of the statute."); *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1128 (9th Cir. 2015) ("The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there.  Thus, our inquiry begins with the statutory text, and ends there as well if the [statute's] text is unambiguous.") (alteration in original) (citation and internal quotation marks omitted).  The plain text here, providing for "original jurisdiction . . . of a civil action or claim against the United States," along with § 8961's title—"Jurisdiction of courts"—together suggest that subject-matter jurisdiction is limited to actions against the United States.  By necessary implication, then, subject-matter jurisdiction would not extend to actions against private insurance companies like Aetna.

Courts interpreting similar provisions have concluded that such language limits jurisdiction to actions against the United States. *See, e.g.*, *Miller v. Bruenger*, 949 F.3d 986, 991 (6th Cir. 2020) (affirming dismissal for lack for subject-matter jurisdiction under a cause of action created by the Federal Employees' Group Life Insurance Act ("FEGLIA") because, *inter alia*, FEGLIA's language that "district courts of the United States have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of a civil action or claim against the United States founded on this chapter" "[a]t most . . . allows for hypothetical suits against the United States to be brought in federal court" but does not authorize a suit against a private party) (first alteration in original); *Ritchey v. Metro. Life Ins. Co., Inc.*, 476 F. Supp. 3d 738, 743 (N.D. Ill. 2020) ("Because Plaintiff is no longer asserting claims against the United States, FEGLIA does not create the causes of action in this case.") (citation omitted); *Meriwether v. Metro. Life Ins. Co.*, 2017 WL 6442141, *2 (M.D. Tenn. 2017) ("The United States is not a party to this action; thus [FEGLIA] does not establish federal jurisdiction in this case.").[2] *See also New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1497-1504 (3d Cir. 1996) (holding that federal statute provided federal court jurisdiction only so long as the government agency named in the statute's jurisdiction-granting provision was a party to the action).

Another clue that jurisdiction may be limited to actions against the United States is the phrase "concurrent with the United States Court of Federal Claims." The Court of Federal Claims' jurisdiction is limited to actions against the United States. *Edelmann v. United States*, 76 Fed. Cl. 376, 380 (2007) ("The Court of Federal Claims does not have

---

[2] Another possible interpretation of § 8961 is that it merely provides for a waiver of sovereign immunity. *See, e.g.*, *Barnes v. United States*, 307 F.2d 655, 657 (D.C. Cir. 1962) ("Section 2103 of the Act specifically provides that 'The district courts of the United States shall have original jurisdiction, concurrent with the Court of Claims, of any civil action or claim against the United States founded upon this (Act).' We think it clear that the United States has consented to be sued for any breach of legal duty owed by it under the Act.") (footnote omitted); *Shanafelt v. Department of Veteran Affairs*, 332 F. Supp. 3d 379, 386 (D. Mass. 2018) ("Separate from any waiver of sovereign immunity under the FTCA, the SLGIA sets forth its own waiver of sovereign immunity for 'any civil action or claim against the United States founded upon' the SGLIA subchapter. 38 U.S.C. § 1975."). The better interpretation, in the Court's view, is that § 8961 both waives sovereign immunity and delineates the scope of district courts' jurisdiction over FEDVIP claims.

jurisdiction over suits against private parties; it only has jurisdiction over suits against the United States."). It would be anomalous for Congress to grant original jurisdiction in the Court of Federal Claims over FEDVIP-related claims against private parties when all other types of claims against private parties are verboten in that court. Although § 8961 theoretically could be read as granting broader jurisdiction to the district courts than the Court of Federal Claims, and thus as providing that district courts may hear claims against private parties while continuing to limit the Court of Federal Claims' jurisdiction, nothing in the statute indicates any difference between the concurrent original jurisdiction granted to district courts and the Court of Federal Claims. Accordingly, the plain language of § 8961 suggests this Court only has jurisdiction over claims against the United States.

Cases interpreting near-identical language in FEHBA's jurisdiction-granting provision provide further support for this conclusion. FEHBA and the FEDVIP Act are closely related: FEDVIP is designed to supplement the health benefits afforded through FEHBA. 5 U.S.C. § 8952(a); S. Rep. No. 108-393, at 1-4 (2004). FEHBA's jurisdictional provision, like that of the FEDVIP Act, provides that "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912. Unlike the FEDVIP Act's jurisdictional provision, FEHBA's provision does not expressly require administrative exhaustion or preclude certain actions from judicial review. *Id.* §§ 8912, 8961. However, the phrase "of a civil action or claim against the United States" appears in both FEHBA and the FEDVIP Act. *Id.*

Courts interpreting FEHBA's jurisdiction-granting provision have concluded that the United States, not a private insurance carrier, is the proper defendant in a FEHBA action. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 683 (2006) ("FEHBA itself provides for federal-court jurisdiction only in actions against the United States."); *Botsford v. Blue Cross Blue Shield of Montana, Inc.*, 314 F.3d 390, 397 (9th Cir. 2002) ("We conclude that Congress intended to limit the defendant in suits involving

disputes over FEHBA benefits to the United States.").[3] *Empire Healthchoice* and *Botsford* dealt primarily with state-law preemption issues, and much of their analysis is not implicated here because Robinson originally filed this action in federal court and does not assert any state-law claims. Nevertheless, the conclusion of both courts in the context of FEHBA's near-identically worded grant of jurisdiction is instructive in understanding that § 8961 means what it says: federal courts have jurisdiction over an action brought under the FEDVIP Act only if the action is against the United States.

Assuming the Court lacks jurisdiction under the FEDVIP Act, the next step in the jurisdictional analysis would be to determine whether the Court otherwise has jurisdiction under 28 U.S.C. § 1331, which "vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Empire Healthchoice*, 547 U.S. at 689 (quoting 28 U.S.C. § 1331). A case arises under federal law "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 690 (internal quotation marks omitted). *See also City of Oakland v. BP PLC*, 969 F.3d 895, 903-09 (9th Cir. 2020) (analyzing whether a complaint fulfilled the requirements of § 1331 "arising under" jurisdiction through preemption, "the 'special and small category' of state-law claims that arise under federal law," or federal common law).

Here, Robinson's well-pleaded complaint asserts only claims based on the denial of

---

[3] The *Botsford* court held that because FEHBA completely preempted state-law claims, the plaintiff's claim arose under federal rather than state law, and therefore the district court had jurisdiction. *Id.* at 399. This seems, at first glance, to conflict with the notion that "FEHBA provides federal courts with jurisdiction solely over suits against the United States" because the *Botsford* action was against the insurance carrier. *Id.* at 397. In context, however, it is clear that the court was focused on preemption, holding that preemption rendered the plaintiff's state-law claim a federal claim, and therefore the appropriate disposition was to dismiss with prejudice on preemption grounds. *Id.* at 399. The court did not squarely reach the potential alternative ground for dismissal of lack of subject-matter jurisdiction. But "the [*Botsford*] court's position that the case should be dismissed by the district court on remand is consistent with the interpretation that § 8912 requires an enrollee suing *for benefits* to sue OPM or the United States and not the individual carrier." *Blue Cross & Blue Shield of Illinois v. Cruz*, 396 F.3d 793, 797 (7th Cir. 2005) *cert. granted, vacated, and remanded in light of Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006), 548 U.S. 901 (2006).

FEDVIP benefits and only cites the FEDVIP Act (and a related OPM letter) as the basis for subject-matter jurisdiction. (Doc. 1 at 3.) Robinson does not bring any state-law claim that could be said to raise a substantial federal question. Thus, one alternative to arising-under jurisdiction, "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," is not available here. It would not make sense to circumvent § 8961's jurisdictional limits by ruling that, although the FEDVIP Act bars Robinson's claims against Aetna, jurisdiction is nonetheless proper against Aetna on the ground that his action raises a substantial federal question. The only federal question is Robinson's rights under the FEDVIP Act, and this question must be asserted against the United States, as explained above. *Cf. Empire Healthchoice*, 547 U.S. at 696 ("We have no warrant to expand Congress' jurisdictional grant by judicial decree.") (internal quotation marks omitted). Nor does Robinson assert a federal common-law claim. *Cf. City of Oakland*, 969 F.3d at 908 ("[T]he Cities cured any subject-matter jurisdiction defect by amending their complaints to assert a claim under federal common law.").

Finally, the Court acknowledges that a plaintiff's assertion of an invalid federal cause of action does not always implicate the existence of subject-matter jurisdiction. As the Supreme Court has explained, "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Thus, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* Nevertheless, where a statute uses jurisdictional terms to specify a prerequisite to a cause of action, and that prerequisite is not satisfied, dismissal under Rule 12(b)(1) is the correct outcome. *Arbaugh*, 546 U.S. at 515-16 ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . . [T]hat [is a] readily

administrable bright line . . . ."); *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 847 (9th Cir. 2017) ("To the extent that SLUSA bars Hampton's suit, it does so by depriving the district court of jurisdiction to hear his state-law claims on a class-wide basis, and the district judge erred by dismissing pursuant to Rule 12(b)(6) rather than 12(b)(1)."); *Oakey v. U.S. Airways Pilots Disability Income Plan*, 723 F.3d 227, 236-38 (D.C. Cir. 2013) (affirming dismissal under Rule 12(b)(1) where statutory language clearly stated that arbitration requirement was jurisdictional); *CNA v. United States*, 535 F.3d 132, 140-42 (3d Cir. 2008) (holding that the Federal Tort Claims Act's "scope-of-employment requirement" was jurisdictional because the requirement "appears in the same sentence as Congress's grant of jurisdiction" and thus should be resolved under Rule 12(b)(1)).

In sum, it appears that the Court lacks subject-matter jurisdiction over Robinson's claims against Aetna, which means those claims must be dismissed without prejudice. *Cf. Ahuruonye v. U.S. Dep't of Interior*, 312 F. Supp. 3d 1, 16-17 (D.D.C. 2018) ("[B]ecause the individual employees are not proper defendants that may be held liable under Title VII or the Privacy Act, . . . and are therefore not proper defendants for purposes of the CSRA, the Court must . . . dismiss the plaintiff's claims against the individual defendants for lack of subject-matter jurisdiction.").

Accordingly,

**IT IS ORDERED** that the parties show cause why this action should not be dismissed for lack of subject-matter jurisdiction. Any party wishing to do so must file a memorandum, not to exceed 10 pages, by **June 11, 2021**. If any party declines to file such a memorandum, the Court will infer from this silence that the party agrees that subject-matter jurisdiction is lacking and dismissal without prejudice is appropriate.

Dated this 26th day of May, 2021.

Dominic W. Lanza
United States District Judge