**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lowell Robinson, Jr., | No. CV-20-01830-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aetna Life Insurance Company, | |
| Defendant. | |

Defendant Aetna Life Insurance Company ("Aetna") has moved to dismiss Plaintiff Lowell Robinson, Jr.'s ("Robinson") complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 12.) After the motion became fully briefed (Docs. 14, 15), the Court issued an order explaining that subject-matter jurisdiction appeared to be lacking. (Doc. 19.) This order authorized each side to file a memorandum on the jurisdictional issue. (*Id.*) Robinson and Aetna subsequently did so. (Docs. 20, 21.)

The parties are familiar with the underlying legal issues as analyzed in the earlier order. (Doc. 19.) In a nutshell, the order explained that the jurisdictional provision of the Federal Employee Dental and Vision Benefit Enhancement Act of 2004, Pub. L. No. 108-496, 118 Stat. 4001 ("FEDVIP Act"), codified at 5 U.S.C. § 8961, does not provide the Court with subject-matter jurisdiction over a private party such as Aetna and that Robinson failed to otherwise establish subject-matter jurisdiction because the FEDVIP Act constitutes the entire basis for federal jurisdiction in Robinson's complaint. (*Id.* at 2-8.) Aetna now agrees that the Court lacks subject-matter jurisdiction. (Doc. 21.) Robinson

disagrees, arguing that the FEDVIP Act provides federal question jurisdiction and does not provide a role for the United States Office of Personnel Management ("OPM") in the adjudication of benefits disputes, so Aetna is the proper defendant. (Doc. 20 at 1-3.)

Robinson has not demonstrated that the analysis in the earlier order was erroneous. The Court therefore concludes that dismissal without prejudice is proper. In reaching this conclusion, the Court adopts the analysis in its prior order.

Accordingly,

**IT IS ORDERED** that this action is **dismissed** without prejudice for lack of subject-matter jurisdiction, and the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Aetna's motion to dismiss (Doc. 12) is **denied as moot**.

Dated this 15th day of June, 2021.

_____
Dominic W. Lanza
United States District Judge